UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ALLEN P. BRANTHAFER, JR.,        :
        Plaintiff             :
                                 :
   v.                            :     CIVIL NO. 4:CV-02-0528
                                 :
                                 :     (Judge Jones)
DUANE I. BLACK, ET AL.,          :
        Defendants            :

## **MEMORANDUM AND ORDER**

September 15, 2005

**Background**

Allen Branthafer ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Graterford, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are the following officials at the Plaintiff's prior place of confinement, the Huntingdon County Correctional Facility, Huntingdon, Pennsylvania: Warden Duane Black; Deputy Warden Darrell Bair; Nurse Judy Hoffmaster; Sergeant Joe Booher; and Correctional Officers George Green, Ronnie Stewart, Fred Morgan, Chris Woodward, and Dale Morgan.

The complaint initially alleges that on or about July 16, 2000, Plaintiff "slipped in water coming from the shower it [sic] the booking area." Doc. 1, ¶ IV(1). Branthafer states that he fell against the bars of his cell and injured his eye. He

generally alleges that he was denied medical treatment "at that time" by unidentified prison officials. Id. His resulting injuries purportedly included vison loss and a scar.[1]

In his second claim, Plaintiff avers that after "seeking legal help about my eye" Sergeant Booher transferred him to an unheated holding cell on January 23, 2001. Id. at (2). He remained in this holding cell along with two other inmates until "about" January 30, 2001.[2] Id. at (3). Unnamed correctional officers also purportedly retaliated against Branthafer on January 23, 2001 by removing his blanket, privileged legal documents, and personal hygiene items from the cell. Plaintiff adds that the holding cell was so cold that he and his cellmates were unable to sleep for five (5) days. The unidentified officers returned his legal documents and hygiene items the next day. However, his mattress was removed from the holding cell by unidentified officers later that same day. During this same time period, Branthafer further claims that his clothing was taken and the water in the holding cell was turned off.

On January 28, 2001, Correctional Officers Stewart and Green allegedly threw Plaintiff against the wall outside of his cell. Branthafer lacerated his arm against a button on the wall. Plaintiff notes that his arm "sustained two long scars as a result." Id. at (4). Next, Branthafer contends that Defendants Booher, Green, Fred Morgan,

---

[1] Branthafer adds that he now wears eyeglasses and has 20/20 vison in his right eye and 20/50 vison in his left eye.

[2] Plaintiff indicates that this period of confinement lasted approximately seven (7) days.

2

Woodward, and Dale Morgan "either threw or failed to protect me from the others throwing me head first into the visiting room." Id.  As a result, his head and back slammed into steel seats located in the visiting room, bruising his back and ankle. Those correctional officers also purportedly confiscated his hygiene items and personal legal documents.  His complaint also sets forth claims that the inmate living quarters were: dirty; had malfunctioning toilets; and lacked sufficient lighting. Plaintiff's final contention is that the prison's law library needs updating.

By Memorandum and Order dated September 17, 2003,  this Court partially granted Defendants' motion requesting entry of summary judgment.  Specifically, summary judgment was granted in favor of  Warden Black and Deputy Warden Bair and also with respect to Plaintiff's claims of:   denial of access to the courts; lack of medical care following his July 16, 2000 slip and fall; and his request for compensatory damages regarding the conditions of confinement claims.

Presently pending before the Court is the remaining Defendants' second motion for summary judgment.  See doc. 56.  The motion has been briefed and is ripe for consideration.

**Discussion**

The remaining Defendants claim entitlement to entry of summary judgment on the grounds that: (1) Plaintiff has not shown that he suffered any physical injury as a result of the alleged unconstitutional conditions of confinement; (2) the conditions of

3

his holding cell confinement were constitutionally acceptable; (3) defendant Hoffmaster is entitled to entry of summary judgment based on the prior dismissal of Plaintiff's claim of deliberate indifference to any serious medical needs; and (4) Branthafer's allegations of retaliation are insufficient because there was a legitimate penological interest for the actions taken against him and his cellmates.

**Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion,
> against a party who fails to make a showing sufficient to establish
> the existence of an element essential to that party's case, and on
> which that party will bear the burden of proof at trial.  In such a
> situation, there can be "no genuine issue as to any material fact,"
> since a complete failure of proof concerning an essential element of
> the nonmoving party's case necessarily renders all other facts
> immaterial.  The moving party is "entitled to a judgment as a matter
> of law" because the nonmoving party has failed to make a sufficient
> showing on an essential element of her case with respect to which
> she has the burden of proof.  "[T]he standard [for granting
> summary judgment] mirrors the standard for a directed verdict
> under Federal Rule of Civil Procedure 50(a)...."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

4

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." Celotex, supra, 106 S.Ct. at 2553 and 2554. Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment. Id. In evaluating a motion for summary judgment, the entire record must be examined in the light most favorable to the nonmoving party.

**Defendant Hoffmaster**

The remaining Defendants correctly state that the only claim asserted against Defendant Nurse Judy Hoffmaster was that she was deliberately indifferent to Plaintiff's medical needs. They argue that since this Court's September 17, 2003 Memorandum and Order concluded that Branthafer's claim of deliberate indifference to his medical needs was insufficient for purposes of § 1983, summary judgment should be entered in favor of Nurse Hoffmaster.

5

This Court agrees that since summary judgment was previously granted in Defendants' favor with respect to the claim of failure to provide adequate medical treatment, Defendant Hoffmaster is entitled to entry of summary judgment.

**Lack of Physical Injury**

The remaining Defendants' second argument claims entitlement to summary judgment on the basis that Plaintiff failed to allege that he suffered any actual injury as a result of the alleged unconstitutional conditions of his confinement.

Section 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In Allah v. Al-Hafeez, 226 F.3d 247,250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. However, the Court added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

"Certain absolute constitutional rights may be vindicated by an award of nominal damages, even in the absence of any showing of injury justifying compensatory damages." Ostrander v. Horn, 145 F. Supp. 2d 614, 618 (M.D. Pa. 2001). This Court's Memorandum and Order of September 17, 2003 addressed the

6

same argument asserted herein and held that although Branthafer's failure to allege any actual injury precludes an award of compensatory damages, he may still be entitled to non-compensatory damages under the standards announced in Allah and Ostrander. The remaining Defendants have not provided any basis to depart from that prior determination.

**Conditions of Confinement**

The remaining Defendants next assert that Plaintiff's allegations regarding the conditions of his confinement "amounted to mere discomfort for a limited period of time" and therefore are insufficient for purposes of § 1983. Doc. 57, p. 6. They add that Branthafer's placement in a holding cell was the result of his failure to follow institutional rules. Likewise, the subsequent deprivation of prison clothing, running water, mattresses, sheets and blankets were caused by the intentional clogging of the holding cell toilet by Plaintiff and his cellmates. It is additionally asserted that those prisoners urinated and defecated on their mattresses and personal belongings, thus causing the removal of those items.

The remaining Defendants add that prison uniforms were returned to Branthafer and his cellmates three (3) days later and blankets were given to them five (5) days later. Furthermore, the holding cell was being heated by a fully operational heater, the lighting was adequate and operational, bagged meals were provided, and water to the cell was restored at least once during every shift to allow the toilet to be

7

flushed. Finally, while in the holding cell for a period of ten (10) days, Plaintiff was given opportunity to take five (5) showers .

In opposition to the request for summary judgment, Plaintiff has submitted his own affidavit. See doc. 63. Branthafer states that while in the holding cell, he and his cellmates wore only boxer shorts and were required to sleep on a concrete floor with the air conditioning turned on. He adds that they were not provided with any blankets and were fed ham sandwiches three (3) times a day. It is noted that Plaintiff's declaration does not indicate the exact duration of the above listed deprivations. Branthafer also admits that he and his cellmates accidentally overflowed the toilet in the holding cell.

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). An Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id.

Under Farmer, deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. In Beers-Capitol, it was also recognized that a defendant's knowledge of a risk can be proved indirectly by circumstantial evidence.

It is undisputed that Plaintiff was held in a holding cell for a relatively brief period of time. Branthafer indicates that he was in the holding cell from January 23, 2001 to January 30, 2001. Defendants assert that the period of confinement lasted from January 27, 2001 to February 6, 2001. Regardless of which version is correct, it is undisputed that the period at issue was less then ten (10) days. The parties acknowledge that at one point the toilet in the holding cell overflowed. As a result, clothing, mattresses, sheets, and blankets were removed from the cell. The water in the holding cell was also shut off. According to the Defendants, Branthafer and his cellmates were without uniforms for three (3) days; blankets for five (5) days; and the water would be turned on at least during every shift (presumably once every eight hours) to allow the toilet to be flushed. They add that the cell was heated by a fully operational heater, there was adequate lighting and showering opportunities.

9

Furthermore, because Branthafer and his cell mates threw food onto the wall across from their cell on January 27, 2001, they were thereafter given bag lunches at each mealtime.

Pursuant to the above discussion, there are clearly material facts in dispute regarding Branthafer's claims that he was subjected to unconstitutional conditions of confinement. For instance, Plaintiff alleges that during the relevant time period the air conditioning was turned on, while the remaining Defendants contend that heat was being provided by a fully operational heater. Such factual differences are clearly material when attempting to establish whether the Plaintiff was subjected to intolerable cold while housed in the holding cell during a winter month without sheets, a mattress, clothing, or blankets.

Based on an application of the Farmer criteria to the record to date, it is apparent to this Court that a rational trier of fact could conclude that the totality of the conditions of Plaintiff's confinement in the holding cell, although relatively short term could still rise to the level of a constitutional violation. The request for summary judgment with respect to the conditions of confinement claims will be denied.

**Retaliation**

The remaining Defendants' final argument is that since they did not take any adverse action against the Plaintiff for his participation in any constitutionally protected activities, he has failed to prove his claim of retaliation. Branthafer's complaint claims

that the unconstitutional treatment which he purportedly received in January, 2001 was in "retaliation of seeking legal help about my eye."  Record document no. 1, ¶ IV (2).

It is well settled that retaliation for the exercise of a constitutional right is "a violation of rights secured by the Constitution."  White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990).  In Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit Court of Appeals stated, "government actions, while standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for the exercise of a constitutional right," (quoting Thaddeus-X v. Blanter, 175 F.3d 378, 386 (6th Cir. 1999) (en banc)).  Thus, a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was denied.  Allah, 229 F.3d at 225.

A  prisoner-plaintiff must initially prove that the conduct which led to the alleged retaliation was constitutionally protected.  Rauser v. Horn, 241 F.3d 330,  333 (3d Cir.  2001).  He must then show he suffered some "adverse action" at the hands of prison officials.  Id.  This requirement is satisfied by demonstrating that the action "was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights."  Allah, 229 F.3d at 225.

Once these two threshold criteria are met, the prisoner must prove a causal link between the exercise of the constitutional right and the adverse action against him.

11

Rauser added that once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest.  Id. at 334.

In the present case, Plaintiff acknowledges that he was placed in a holding cell for talking with two other inmates.  See doc. 63, Affidavit ¶ 19.  He further admits that the same punishment was given to the other inmates.  Branthafer also admits that he and his cell mates accidentally overflowed the toilet in the holding cell.  Id. at ¶ 24.  Based on the Plaintiff's own admissions, it is apparent that his holding cell placement was caused by his alleged commission of a disciplinary infraction and would have occurred notwithstanding his jailhouse lawyering activities.  See  Carter v. McGrady,    F. 3d.    (3d Cir. 2002).  Likewise, it is equally apparent that the deprivation of clothing, mattresses, running water, and sheets would not have taken place if the toilet in the holding cell had not overflowed.  Whether the toilet's malfunctioning was intentional or accidental is immaterial for purposes of analyzing Branthafer's retaliation claim.  The crucial point is that the challenged actions took placed in response to an overflow of water within the holding cell, and not as the result of some retaliatory motive.

Based on an application of <u>Rauser</u> to the undisputed facts, it is apparent that the remaining Defendants are entitled to entry of summary judgment with respect to Plaintiff's speculative claim of retaliation.

**Excessive Force**

This Court's September 17, 2003 Memorandum and Order concluded that "Plaintiff has presented sufficient evidence to warrant a trial on the question of whether corrections officers employed such force as to be 'repugnant to the conscience of mankind.'" Doc. 37, p. 17.  The remaining Defendants' present summary judgment motion does not address Plaintiff's excessive force claims.  Those claims will proceed.

**Failure To Intervene**

Plaintiff also claims that some of the named Defendants failed to "protect me from the others throwing me head first into the visiting room." Doc. 1, p¶ IV (4).  In the September 17, 2003 Memorandum and Order, this Court stated that "[p]ursuant to the reasoning set forth by this Court with respect to the Plaintiff's allegations of excessive force, these related claims of failure to protect shall likewise proceed." <u>Id</u>. at p. 23.  The remaining Defendants' pending motion does not claim entitlement to summary judgment with respect to this allegation.  Thus, it will also proceed. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The remaining Defendants' motion requesting entry of summary judgment (doc. 56) is granted in part.

2. The Defendants' motion for summary judgment is granted with respect to the claims that: (1) Nurse Hoffmaster was deliberately indifferent to Plaintiff's medical needs; and (2) the Plaintiff was subjected to retaliatory misconduct.

3. A Pre-trial conference shall be held on January 3, 2006, at a time to be determined, with respect to Branthafer's surviving claims.

4. This case shall be placed on the Court's February 2006 trial term.

5. Plaintiff's Motion to Strike Defendants' Second Motion for Summary Judgment (doc. 59) is denied as moot.

> s/ John E. Jones III
> John E. Jones III
> United States District Judge