IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN P. BRANTHAFER, JR., : |  |
| Plaintiff : |  |
| : |  |
| v. : | CIVIL NO. 4:CV-02-0528 |
| : |  |
| : | (Judge Jones) |
| DUANE I. BLACK, ET AL., : |  |
| Defendants : |  |

## ORDER

December 8, 2005

## **THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Allen Branthafer ("Plaintiff" or "Branthafer"), an inmate presently confined at the State Correctional Institution, in Graterford, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are the following officials at the Plaintiff's prior place of confinement, the Huntingdon County Correctional Facility, Huntingdon, Pennsylvania: Warden Duane Black; Deputy Warden Darrell Bair; Nurse Judy Hoffmaster; Sergeant Joe Booher; and Correctional Officers George Green, Ronnie Stewart, Fred Morgan, Chris Woodward, and Dale Morgan.

By Memorandum and Order dated September 17, 2003, this Court partially granted Defendants' motion requesting entry of summary judgment. Specifically, summary judgment was granted in favor of Warden Black and Deputy Warden Bair

and also with respect to Plaintiff's claims of: denial of access to the courts; lack of medical care following his July 16, 2000 slip and fall; and his request for compensatory damages regarding the conditions of confinement claims. Thereafter, by Memorandum and Order dated September 19, 2005, the remaining Defendants' motion requesting entry of summary judgment was granted with respect to the claims that: (1) Nurse Hoffmaster was deliberately indifferent to Plaintiff's medical needs; and (2) the Plaintiff was subjected to retaliatory misconduct. A pre-trial conference has been scheduled with respect to Branthafer's remaining claims.

Presently pending before the Court is Plaintiff's motion seeking relief from the September 17, 2003 Memorandum and Order. (Rec. Doc. 69). The motion has been briefed and is ripe for consideration.

## DISCUSSION:

Plaintiff's motion filed pursuant to Federal Rule of Civil Procedure 60(B)(6), asserts that he is entitled to relief from the September 17, 2003 Memorandum and Order to the extent that it granted summary judgment in favor of Warden Black. Branthafer correctly notes that Warden Black submitted a supporting sworn affidavit which was summarized by this Court's September 17, 2003 Memorandum and Order as follows:

> Defendant states that neither he nor Deputy Warden Bair were present or participated in the events of January 26, 27, or 28, 2001. Black adds that following the Plaintiff's July 16, 2000 fall, he was provided with medical treatment in accordance with prison policy.

2

(Rec. Doc. 37 at 8).

Plaintiff contends that in a second sworn affidavit, Black acknowledges that he had "direct involvement and knowledge of the conditions of confinement of Mr. Branthafer." (Rec. Doc. 69 at ¶ 6). His motion concludes that the entry of summary judgment in favor of Warden Black should be vacated based on that Defendant's second, contradictory sworn affidavit.

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for

reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff claims that Warden Black ordered correctional staff not to provide him with treatment following a July 16, 2000 fall. This Court in granting Black summary judgment concluded that said assertion was meritless because undisputed medical evidence establish that the Plaintiff was given treatment following his July 16, 2000 fall. Branthafer's present motion fails to set forth any grounds which would warrant reconsideration of that determination.

The Plaintiff also claimed in a supporting affidavit that the Warden authorized his January 27, 2001 placement in holding cell # 1 and required him to only wear boxer shorts even though the air conditioning was operational. In granting summary judgment with respect to this allegation, this Court acknowledged that there was evidence that the Warden was telephoned at home on January 26, 2001 and authorized the placement of Branthafer in holding cell #1. Despite that finding, this Court noted that there were no allegations that Black "knew that the holding cell was unfit or authorized the alleged retaliatory treatment to Branthafer which occurred after he was placed in the holding cell." (Rec. Doc. 37 at 8).

Based on this Court's review of Black's affidavits (doc. 17, Attachment 1 & doc. 56, Exhibit 1) this Court disagrees with the Plaintiff's assessment that the Warden's second affidavit contradicts his initially filed statement. Contrary to

Branthafer's assessment, there is no acknowledgment in Black's second affidavit that he had any personal involvement in any unconstitutional acts. Furthermore, even accepting <u>arguendo</u> the Plaintiff's argument of discrepancies in Black's supporting affidavits, those purported differences do not set forth a basis which would warrant reconsideration of the entry of summary judgment in Warden Black's favor. Since Plaintiff's reconsideration motion has failed to establish the presence of any errors of law or fact and does not set forth any newly discovered evidence or precedent which would undermine the prior conclusion of this Court, it will be denied. Consequently,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's motion (doc. 69) seeking partial reconsideration of the Court's September 17, 2003 Memorandum and Order is DENIED.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge